IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| TOMEKA WINSTON, | ◊ ◊ | |
| Plaintiff, | ◊ ◊ | |
| vs. | ◊ ◊ | No. 08-2059-STA-dkv |
| CARGILL, INC., et al., | ◊ ◊ | |
| Defendant. | ◊ ◊ ◊ | |

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT SMITH-DOYLE CONTRACTORS, INC.'S MOTION TO DISMISS
AND
ORDER OF PARTIAL DISMISSAL

On January 14, 2008, Plaintiff and eight other individuals filed a joint pro se complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and 42 U.S.C. § 1981. (Docket Entry ("D.E.") 1). The Court issued an order on January 29, 2008 that, inter alia, severed the actions and directed the Clerk to open a new civil action for each plaintiff. (D.E. 2 at 2.) Plaintiff filed a "Supplemental Civil Complaint" on March 17, 2008, in which she added Smith-Doyle Contractors ("SDC") as a defendant. (D.E. 4.)

On March 20, 2008, the Court directed Plaintiff to amend her complaint as follows:

> Plaintiff is hereby ORDERED to amend her complaint within twenty (20) days of the entry of this order. Plaintiff must attach a copy of her charge[s] of discrimination and notice[s] of right to sue as exhibits to her amended complaint. Plaintiff must also amend her complaint to allege her specific claims and each adverse action taken

>     against her.   Each claim for relief shall be stated in a
>     separate count that (i) sets forth the factual basis for
>     the claim; and (ii) identifies the statute under which the
>     claim arises.  The amendment must be typed or hand-printed
>     and Plaintiff must personally sign the amendment.

(D.E. 5 at 3.)  Plaintiff was warned that "A failure to timely comply with any requirement of this order will result in the dismissal of the complaint in its entirety."  (Id.)

Plaintiff filed an amended complaint on April 8, 2008.  (D.E. 6.)  She attached EEOC Charge of Discrimination No. 490-2007-00945[1], which was filed against Cargill, Inc. for race discrimination, and a notice of right to sue related to that charge.  (Id. at 5-6.)  On April 22, 2008, the Court entered an order dismissing Defendants Neil Christenbury, Martin Crowder, Amanda Jordan, Tim Campbell and Joe Sparks and to issue process for SDC and Cargill, Inc. on Plaintiff's Title VII claims of sex discrimination and retaliation.  (D.E. 7.)  On May 22, 2008, SDC filed a motion to dismiss pursuant to Fed. R. Civ. P. 8(a)(2) and 12(b)(6).  (D.E. 12.)  On June 30, 2008, Plaintiff filed a motion for extension of time to file a reply to SDC's motion to dismiss.  (D.E. 19.)  On July 2, 2008, the Court denied Plaintiff's motion for extension of time without prejudice to refiling with an appropriate certificate of consultation and proposed order.  (D.E. 20.)  On August 6, 2008, Plaintiff filed a motion for enlargement of time to reply to SDC's motion to dismiss and a certificate of consultation.  (D.E. 23.)  On August 8, 2008, SDC filed a response to Plaintiff's second request for an enlargement of time to respond to the motion to dismiss.  (D.E. 25.)  On August 26,

---

[1] Plaintiff previously attached these documents to her motion for leave to proceed in forma pauperis.  (See D.E. 3 at 5-6.)

2008, the Court denied Plaintiff's motion for enlargement of time to respond to the motion to dismiss. (D.E. 31.)

When considering a motion to dismiss, the Court must "treat all of the well-pleaded allegations of the complaint as true." Miree v. DeKalb County, 433 U.S. 25, 27 n.1 (1977). See also Saylor v. Parker Seal Co., 975 F.2d 252, 254 (6th Cir. 1992). The Court must construe all the allegations in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). It must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

The traditional standard for assessing a Rule 12(b)(6) motion is as follows:

> "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." [Brown v. Bargery, 207 F.3d 863, 867 (6th Cir. 2002). We must "construe the complaint in the light most favorable to the plaintiff [and] accept all well-pleaded factual allegations as true." Trzebuckowski v. City of Cleveland, 319 F.3d 853, 855 (6th Cir. 2003) (reviewing dismissal under Federal Rule of Civil Procedure 12(b)(6)). Further, we hold pleadings filed by a pro se litigant "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 . . . (1972), and may not uphold the dismissal of such a pleading "simply because [we] find[] the plaintiff's allegations unlikely." Denton v. Hernandez, 504 U.S. 25, 33 . . . (1992).

Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (alterations in original); see also League of United Latin Am. Citizens v. Bredesen,

500 F.3d 523, 527 (6th Cir. 2007) ("The court must construe the complaint in the light most favorable to plaintiffs, accept all well-pled factual allegations as true and determine whether plaintiffs undoubtedly can prove no set of facts consistent with their allegations that would entitle them to relief."). "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." League of United Latin Am. Citizens, 500 F.3d at 527.

Shortly after the Sixth Circuit's decision in Thomas, the Supreme Court issued two opinions that appear to reach different conclusions about the amount of factual detail required in a complaint. In Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955 (2007), an antitrust case, the Supreme Court addressed the pleading standard for assessing a claim under § 1 of the Sherman Act:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47 . . . (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . , a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . , on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . .

Id. at 1964-65 (citations and footnote omitted); see also id. at 1965 n.3 ("While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant 'set out in detail the facts upon which he bases his claim' . . ., Rule 8(a)(2) still

4

requires a 'showing,' rather than a blanket assertion, of entitlement to relief.") (emphasis omitted).[2]

Two weeks later, in Erickson v. Pardus, 127 S. Ct. 2197 (2007) (per curiam), the Supreme Court vacated the dismissal of a lawsuit brought by a prisoner who alleged that he had received inadequate medical treatment. The Supreme Court emphasized the liberal pleading standard of Fed. R. Civ. P. 8(a)(2), id. at 2200, and the Plaintiff's pro se status, id.

The Sixth Circuit has stated that "[w]e read the Twombly and Erickson decisions in conjunction with one another when reviewing a district court's decision to grant a motion to dismiss for failure to state a claim." Sensations, Inc. v. City of Grand Rapids, 526 F.3d 291, 295-96 (6th Cir. 2008). In a footnote, the Sixth Circuit explained:

> We have previously "noted some uncertainty concerning the scope of" Twombly. Commercial Money Ctr., Inc. v. Illinois Union Ins. Co., 508 F.3d 327, 337 n.4 (6th Cir. 2007). In particular, we have taken note of the Second Circuit's interpretation of Twombly as enacting a "plausibility standard [which] did not significantly alter notice pleading or impose heightened requirements for all federal claims[, and] [i]nstead, . . . require[d] more concrete allegations only in those instances in which the complaint, on its face, does not otherwise set forth a plausible claim for relief." Weisbarth v. Geauga Park Dist., 499 F.3d 538, 542 (6th Cir. 2007) (citing Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007)).

Id. at 296 n.1 (alterations in original); see also United States v. Ford Motor Co., 532 F.3d 496, 503 n.6 (6th Cir. 2008) ("In Erickson v. Pardus . . . , the Supreme Court clarified Twombly by holding that

---

[2] The Supreme Court disavowed the "no set of facts" language from Conley v. Gibson that the Sixth Circuit cited with approval in Thomas. See 127 S. Ct. at 1968-69.

5

a prisoner bringing a § 1983 claim against his captor is not required to state '[s]pecific facts' in their [sic] complaint . . . , and Twombly itself suggests that its holding may be limited to cases likely to produce 'sprawling, costly, and hugely time-consuming' litigation.") (citation omitted). Further, Rule 8(a) does not require a plaintiff to plead his employment discrimination claims with particularity, Swierkiewicz v. Sorema, S.A., 534 U.S. 506 (2002), although the factual allegations in the complaint must be sufficiently clear to permit the Court and the defendants to ascertain the nature of the claims that are asserted.

I. Plaintiff's Title VII Claims

   A. Exhaustion of Administrative Remedies

SDC asserts that Plaintiff failed to exhaust her administrative remedies as a condition precedent to filing suit. (D.E. 12-2 at 6.) SDC points out that the EEOC Charge of Discrimination submitted with Plaintiff's complaint alleged race discrimination by Cargill, Inc. when Plaintiff was assigned to work in an area contaminated with asbestos. (Id. at 3.) SDC argues that it is difficult to see how a race discrimination charge against Cargill, Inc. can be construed to assert a Title VII retaliation claim against SDC. (Id.) SDC contends that the complaint "neither alleges, nor does it attach, information demonstrating that Plaintiff has exhausted her administrative remedies as to SDC". (Id. at 6.)

Exhaustion of administrative remedies is a prerequisite to the filing of an employment discrimination case. See generally Zipes v. Trans World Airlines, 455 U.S. 385, 393 (1982); Parsons v. Yellow Freight Systems, Inc., 741 F.2d 871 (6th Cir. 1984). To exhaust

administrative remedies, the employee must file a charge of discrimination with either the Equal Employment Opportunity Commission (EEOC) or the Tennessee Human Rights Commission (THRC). The Sixth Circuit has allowed supplementation of the appellate record by filing the notice of right to sue after summary judgment has been granted to the defendant. See Bacon v. Honda of America Mfg., Inc., 192 F. App'x 337, 341 (6th Cir. 2006).

SDC implies that no EEOC charge was filed against SDC by focusing on the Cargill charge. But, in Plaintiff's Supplemental Civil Complaint, Plaintiff clearly references EEOC Charge No. 490-2008-0205 which was allegedly filed against SDC on the basis of sex discrimination and retaliation. (See D.E. 4 at 1-2.) Plaintiff has not provided a copy of Charge No. 490-2008-0205 or any EEOC charge or right-to-sue letter listing SDC as a respondent or employer. Therefore, taking the facts in the light most favorable to Plaintiff, this Court can not determine that Plaintiff's Title VII claims should be dismissed based merely on Plaintiff's failure to attach documentation to her pleadings proving exhaustion of her administrative remedies[3].

B.  Substance of Plaintiff's Title VII Claims

SDC argues that Plaintiff's complaint fails to state a claim for sex discrimination. (D.E. 12-2 at 7.) SDC contends,

---

[3] The issue of whether Plaintiff has exhausted her administrative remedies would be better addressed in a motion for summary judgment including evidence regarding the status of the EEOC Charge that Plaintiff allegedly filed against SDC. The Court notes that Plaintiff was twice denied the opportunity to file a late response to this motion, and that her motions indicated that additional time was needed to obtain copies of documents from the EEOC. (See D.E. 19, 20, 23 & 31.)

>At best, the Complaint alleges that after receiving no response to her complaints to the union about alleged asbestos exposure, Plaintiff filed an EEOC charge against Cargill. . . . Cargill's supervisor allegedly "contacted" SDC, and SDC thereafter hired others (males and females) instead of Plaintiff.

(Id. at 3.) SDC provides the elements for proving a prima facie claim of sex discrimination and asserts that Plaintiff should at least allege that SDC intentionally discriminated against her based on a protected classification, apparently contending that because females were also hired there was no sex discrimination. (Id. at 7.)

>SDC ignores the allegations that
>
>>Defendant Crowder aware of the EEOC investigation contacted Defendant Smith Doyle Contractors, and upon the Plaintiff request to return to work the Plaintiff was told by Defendant Crowder that he was fully staffed and he would put her name in the hat and would call if she was needed. However, Defendant Smith Doyle Contractors replaced Plaintiff with male employees.

(D.E. 6 at 2.) Plaintiff also asserted,

>In Plaintiff Winston's case, prior to any EEOC complaint Plaintiff Winston was a prize laborer, allowed to return for harvest seasons. Defendant Crowder, so pleased with Plaintiff Winston's performance evident by successful inspections of the asbestos filled rooms always rehired her. Instead, the Defendant(s) hired male employees to replace Plaintiff Winston despite informing her no work was available, filling the same positions with newly hired male employees, one who just so happen (sic) to be the brother of the Plaintiff.

(Id. at 3.)

SDC also contends that Plaintiff's allegations, even if true, do not establish an entitlement to relief from SDC for retaliation. (Id. at 8.) SDC construes the allegations, in light most favorable to Plaintiff, as follows:

>after her complaints to the union about alleged asbestos exposure were ignored, she filed an EEOC charge against Cargill. Apparently, some time thereafter, Cargill's

8

> supervisor Crowder allegedly informed Plaintiff that he was fully staffed but *he* would call her if she was needed. Thereafter, *SDC* – to whom she had not complained and as to whom she had not filed a charge – hired others (male and female) instead of her.

(Id. (citations omitted).) SDC contends that the complaint fails to allege any retaliatory intent by SDC, and "makes only the vaguest possible reference indicating that SDC even new (sic) of her prior EEOC charge against Cargill". (Id.) In a footnote, SDC also argued that the protected conduct that Plaintiff asserts is her complaint of exposure to asbestos, which is not conduct prohibited by Title VII. (Id. at 9 n.4).

In Swierkiewicz, the Court stated,

> This Court has never indicated that the requirements for establishing a prima facie case under McDonnell Douglas also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss. For instance, we have rejected the argument that a Title VII complaint requires greater "particularity," because this would "too narrowly constric[t] the role of the pleadings."

534 U.S. at 511. Despite SDC's attempt to impose a stricter standard for review of a motion to dismiss based on Twombly, this Court has clearly indicated that the heightened pleading standard announced in Twombly should be limited to cases likely to cause great expense of time and resources. This is not such a case. Therefore, this Court applies the standard that dismissal is "appropriate only if it appears beyond a doubt that the plaintiff can prove no set facts that would entitle him to relief." Thomas, 481 F.3d at 437.

Winston indicates that she had been promised a job by a Cargill supervisor, and that if positions became open she would be called. After Cargill learned of the EEOC charge and allegedly communicated that knowledge to SDC, there were apparently some openings which were

filled by males.  Winston was not called.  Also, other females were hired.[4]

SDC also ignores the fact that Plaintiff's complaints of exposure to asbestos were made in an EEOC charge, and that her use of this avenue for addressing her concerns, the mere filing of an EEOC charge, is protected conduct.  According to 42 U.S.C.A. § 2000e-3(a),

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

Therefore, SDC attempts to assert that Plaintiff has not engaged in protected activity are without merit.

Facts proved consistent with Winston's complaint could entitle her to relief.  Winston may be able to uncover direct or indirect evidence of sex discrimination and/or retaliatory animus and thus be entitled to relief under facts consistent with her complaint.  Although it may be unlikely that Winston will uncover such evidence, the Supreme Court has previously stated that "it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The motion to dismiss is DENIED as to Plaintiff's Title VII claims.

II. Miscellaneous Claims

SDC argues that Plaintiff seeks relief on the vague claims of negligence and not being afforded due process by receiving a twenty-

---

[4] It is not clear from the complaint that the female employees who were hired worked in the same position as Winston.

four hour notice from Cargill, Inc. of the decision not to rehire. (D.E. 12-2 at 9.) Plaintiff has only presented vague and conclusory allegations, and it is unclear what facts, if any, purport to state a claim for relief from SDC on these claims. (<u>Id.</u> at 3, 9.) Therefore, the motion to dismiss, as it relates to Plaintiff's negligence and due process claims, is GRANTED.

IT IS SO ORDERED this 3rd day of March, 2009.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE