```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

```
TOMEKA WINSTON,                   )
                                  )
     Plaintiff,                   )
                                  )
vs.                               )     No. 2:08-cv-02059-STA-dkv
                                  )
CARGILL, Inc.,                    )
SMITH-DOYLE CONTRACTORS,INC.      )
                                  )
     Defendant.                   )
```

REPORT AND RECOMMENDATION DENYING DEFENDANT'S MOTION TO DISMISS
AS A DISCOVERY SANCTION AND GRANTING IN PART DEFENDANT'S MOTION
                  TO COMPEL AND FOR SANCTIONS

Before the court the court is the March 6, 2009 motion of the defendant, Smith-Doyle Contractors, Inc., pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure, to dismiss the complaint of the plaintiff, Tomeka Winston, proceeding *pro se*, as a sanction for failing to cooperate in and attempting to obstruct discovery. In the alternative, Smith-Doyle seeks to compel Winston to fully respond to discovery requests and deposition questions and also seeks monetary sanctions against Winston for its costs and attorneys fees incurred in making the instant motion and that it will incur deposing Winston a second time. The motion was referred to the United States Magistrate Judge for a report and recommendation. Winston filed a response in opposition to the motion, and Smith-Doyle filed a reply. For the reasons that

follow, it is recommended that Smith-Doyle's motion to dismiss be denied and that Smith-Doyle's motion to compel discovery and for sanctions be granted in part.

I.   PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Winston and eight other *pro se* plaintiffs jointly filed a lawsuit styled *Mickens v. Cargill*, Case No. 08-2015, on January 14, 2008, seeking relief for various alleged acts of discrimination relating to their employment.  On January 29, 2008, that joint lawsuit was separated into nine different lawsuits, including the instant action on behalf of Winston.

On August 14, 2008, the court entered a scheduling order in this case which set the deadline for discovery as February 16, 2009.  Smith-Doyle served Winston with a deposition notice on December 2, 2008, notifying her that her deposition was scheduled for January 21, 2009. On December 18, 2008, Smith-Doyle served interrogatories and requests for production of documents on Winston.  Accordingly, Winston's discovery responses were due by January 20, 2009.

On January 8, 2009, Vincent Mickens filed a motion to compel production of documents, stating that none of the plaintiffs in the original lawsuit would respond to discovery requests or submit to deposition until two weeks after Smith-Doyle's co-defendant in the instant lawsuit, Cargill, cured what Mickens claimed were defects in Cargill's discovery responses.  (*Mickens v. Cargill*, Case No. 08-2015, Doc. No. 31, Pl.'s Mot. Compel Produc. Docs. Pursuant to

2

Rules 26 and 37 of Civil Procedure and to File Jointly at 4.) Cargill filed a motion to strike Mickens' motion and to compel all plaintiffs, including Winston, to appear at their scheduled depositions. (*Mickens v. Cargill*, Case No. 08-2015, Doc. No. 32, Def.'s Mot. to Strike Pl.'s Mot. and to Compel Pls.' Attendance at their Depositions.) Winston did not respond to Smith-Doyle's discovery requests by January 20, and failed to appear for her scheduled deposition on January 21, 2009. On January 21, 2009, the court granted Cargill's motion to strike Mickens' motion to compel, ordered Mickens to respond to Cargill's written discovery responses no later than February 6, 2009, and ordered Mickens to appear for a deposition on February 9, 2009. (*Mickens v. Cargill*, Case No. 08-2015, Doc. No. 38, Minute Entry for Proceedings held before Magistrate Judge Diane K. Vescovo.)

Winston replied to Smith-Doyle's discovery requests on January 30, 2009, but refused to respond to several requests. (Def.'s Mot. to Dismiss as a Discovery Sanction, or In the Alternative, to Compel Discovery, Ex. D.) Among the requests Winston refused to respond to are Interrogatories Nos. 4, 6, 9, and 13 asking that she identify other lawsuits, civil or criminal, to which she has been a party; that she provide certain information regarding her employment since 2003, including dates and wages; that she identify every healthcare provider who has seen her over the last five years; and that she identify anyone who assisted her in answering the interrogatories. Winston also either objected and refused to produce any responsive

3

documents or provided an unresponsive statement in response to nearly all of Smith-Doyle's requests for production of documents which sought discoverable information.

On February 10, 2009, Winston attended her rescheduled deposition. Winston, however, refused to answer numerous questions despite the fact that counsel informed her that the defendants were entitled to discover her testimony regarding the questions under the Federal Rules of Civil Procedure.

## II.   ANALYSIS

Rule 37(d) of the Federal Rules of Civil Procedure provides that if a party fails to attend her own deposition or serve answers to interrogatories or respond to requests for production of documents, the court may, upon motion, impose sanctions. The authorized sanctions include dismissal of the action and reasonable expenses, including attorney fees, caused by the failure of a party to act.  FED. R. CIV. P. 37(b)(2),(c) & (d).

The Sixth Circuit regards the sanction of dismissal under Rule 37 for failure to cooperate in discovery to be "the sanction of last resort."  *Beil v. Lakewood Engineering and Manufacturing Co.*, 15 F.3d 546, 552 (6th Cir. 1994).  Dismissal may be imposed "only if the court concludes that a party's failure to cooperate is due to willfulness, bad faith or fault." *Regional Refuse Systems v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988).  In determining whether to enter an order of dismissal against the disobedient party, the court should consider (1) whether the party acted with

willfulness, bad faith or fault, (2) prejudice resulting from the discovery violation, (3) whether the party had been warned that her conduct could lead to extreme sanctions, and (4) whether less drastic sanctions were imposed or considered. *Freeland v. Amigo*, 103 F.3d 1271 (6th Cir. 1997). It is unnecessary to consider all four factors in the instant case because the third factor, whether plaintiff has received notice, has not been satisfied. Therefore, dismissal is not appropriate at this time.

Winston has failed to respond to Smith-Doyle's motion. Pursuant to local rule, failure to timely respond to a motion may be deemed good grounds for granting the motion, however, that rule does not apply to motions requesting the dismissal of a claim or action. *See* Local Rule 7.2(a)(2). Moreover, Winston did respond to a substantively similar motion filed by Cargill. (Resp. In Opposition to Motion to Dismiss as a Discovery Sanction, Doc. No. 56.) Accordingly, the court will assume that Winston's arguments in response to the instant motion are substantively identical to those she previously offered in response to Cargill's motion.

Winston has failed to offer any satisfactory explanation substantially justifying her lack of cooperation in discovery. In her response to Cargill's motion, Winston stated that counsel was "very antagonistic, belligerent and attempted to intimidate her" while questioning her at her deposition. Winston also argued that sanctions may not be imposed on the basis of her refusal to answer questions at her deposition because counsel was aware that Winston

5

claimed privilege as to those questions and that the questions were unreasonable in annoying, oppressing and harassing her. The transcript, however, does not support these assertions. Rather, the transcript reflects that counsel did not ask questions which were meant to harass or were seeking privileged information and did not act inappropriately toward Winston. Moreover, when Winston did object, those objections were based on the relevance of the information sought, not privilege. The Rules, however, allow parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," and only authorize a deponent to refuse to answer a question when "necessary to preserve a privilege, to enforce a limitation order ordered by the court, or to present a motion under Rule 30(d)(3)." FED. R. CIV. P. 26(b)(1) and 30(c)(2). Winston's objections to questions on the basis of relevance were, therefore, improper. Any statements by counsel which effectively instructed Winston that she was required to answer the questions were supported by the Federal Rules of Civil Procedure.

In her response to Cargill's motion to dismiss, Winston also argued that she had properly responded to the discovery requests. Specifically with regard to a discovery request seeking to discover medical information regarding Winston's health treatment, Winston states that the request should be limited to only information regarding emotional distress. Based upon the language of Rule 26(b)(1), however, Smith-Doyle's request is proper and should be

6

answered completely.  Winston also fails to address her failure to sit for her first scheduled deposition.  Other sanctions, therefore, are clearly justified.

Accordingly, the following sanctions are imposed.  Winston is ordered to submit to a second deposition on a date and a time selected by Smith-Doyle and to respond to all questions posed by Smith-Doyle's counsel in accordance with the Federal Rules of Civil Procedure.  Winston will bear half the cost of this second deposition, including Smith-Doyle's attorney fees incurred in proceeding with the second deposition.  Smith-Doyle is directed to file an affidavit with the court after the deposition setting forth its fees and expenses.  Winston is also ordered to respond to Smith-Doyle's discovery requests in accordance with the Federal Rules of Civil Procedure within eleven days of the date of this order.  Winston is also warned that failure to comply with this order may result in sanctions as set out in Rule 37 of the Federal Rules of Civil Procedure up to the sanction of default judgment.

Accordingly, it is recommended Smith-Doyle's motion to dismiss be denied and that Smith-Doyle's motion to compel and for sanctions be granted in part.

Respectfully submitted this 25th day of June, 2009.

s/ Diane K. Vescovo  
DIANE K. VESCOVO  
UNITED STATES MAGISTRATE JUDGE